**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4283**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE LEIGH CARR,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge.  (CR-04-345)

―――――――――

Submitted:  October 19, 2005      Decided:  November 23, 2005

―――――――――

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

William S. Trivette, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dwayne Leigh Carr appeals his forty-six month sentence imposed following his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000).  We affirm.

Carr contends that the sentence imposed by the district court was not reasonable.  After United States v. Booker, 125 S. Ct. 738 (2005), courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence.  If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  This court should review a sentence imposed pursuant to § 3553 to determine whether it is reasonable.  Booker, 125 S. Ct. at 764-67.

The district court imposed a sentence within the advisory guidelines range and below the statutory maximum[*] for the offense and considered the relevant factors under § 3553(a).  We have been given no reason why the sentence imposed was not reasonable.  Cf. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 764-65, 767) (noting after Booker,

_____

[*]The statutory maximum for 18 U.S.C. § 922(g)(1) (2000) is ten years.  See 18 U.S.C. § 924(a)(2) (2000).

- 2 -

sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum).  Accordingly, we affirm Carr's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED